IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,
ex rel. THE STATE OF MISSISSIPPI                                                  PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:12-CV-00179-GHD-DAS

BRISTOL-MYERS SQUIBB COMPANY;
SANOFI-AVENTIS U.S. L.L.C.; SANOFI-AVENTIS, U.S., INC.;
SANOFI-SYNTHELABO, INC.; and DOES 1 to 100, Inclusive              DEFENDANTS

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DECISION BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Presently before the Court is Defendants' motion to stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation [43]. Plaintiff has filed an opposition to the motion, Defendants have filed a reply, and the matter is now ripe for review. Upon due consideration, the Court finds that the motion to stay [43] is well taken.

*A. Factual and Procedural Background*

On June 29, 2012, Plaintiff, the Attorney General of the State of Mississippi ("Plaintiff"), filed suit in the Circuit Court of Chickasaw County, Mississippi against Defendants Bristol-Myers Squibb Company; Sanofi-Aventis U.S., LLC; Sanofi-Aventis U.S., Inc.; and Sanofi-Synthelabo, Inc. (collectively, "Defendants"). Plaintiff alleges that Defendants unfairly, falsely, and deceptively labeled and promoted the prescription drug Plavix® (clopidogrel bisulfate) to consumers and healthcare providers. Plaintiff seeks civil penalties under the Mississippi Consumer Protection Act and disgorgement in equity for Defendants' alleged unjust enrichment, as well as an injunction against Defendants' alleged acts of unfair methods of competition and/or

1

unfair and deceptive trade practices in the promotion and sale of Plavix® through false and misleading advertising of the drug.

On August 17, 2012, Defendants removed the suit to federal court alleging the following bases for the Court's subject matter jurisdiction: diversity jurisdiction, federal question jurisdiction, and jurisdiction under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d). On September 17, 2012, Plaintiff filed a motion to remand [22] the action to state court. Discovery was stayed pending resolution of the motion to remand. Defendants filed a response in opposition to the motion to remand. Then, on October 15, 2012, Defendants notified this Court of their filing with the United States Judicial Panel on Multidistrict Litigation (the "Panel") a renewed motion to transfer the action to a single judge for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Defendants had filed a prior motion to transfer with the Panel relating to other Plavix® litigation; that transfer motion was denied by the Panel on December 14, 2011. The Attorney General filed an opposition to the renewed transfer motion with the Panel. Subsequently, Defendants filed this motion to stay proceedings in this Court pending the Panel's transfer decision [43].

*B. Motion to Stay Proceedings*

An action is not automatically stayed upon the filing of a motion to transfer action to MDL. However, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," and "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, \_\_\_\_\_ (1997 (internal citation omitted); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

---

[1] The matter pending before the Panel is MDL Docket No. 2418, *In Re Plavix® Marketing, Sales Practice and Prods. Liab. Litig. (No. II)*.

Defendants argue that the Court should stay all proceedings in this case, including the Court's consideration of the pending remand motion, until such time as the Panel issues a decision on transfer to the MDL. Defendants argue that a stay would promote uniformity of decisions and avoid unnecessary duplication of efforts, particularly with respect to jurisdictional issues, such as those presented in the remand motion. Defendants also contend that the stay would be short in duration, and thus would not prejudice the Attorney General, because the Panel typically rules on transfer motions in approximately three months.

The Attorney General strongly opposes a stay of the proceedings, contending that a stay would mean the remand motion would not be ruled on until after the decision on the transfer issue, and that even if a transfer is granted, the parties would be required to litigate the remand question before a hypothetical MDL transferee court. The Attorney General maintains that the Court should answer the jurisdictional question before it, because a pending transfer decision by the Panel is no justification for staying the matter. The Attorney General argues that "[t]he issue of subject matter jurisdiction is more fundamental than wholly unrelated considerations of efficiency or fairness that are moot if there is no federal subject[] matter jurisdiction over this action." AG's Resp. Opp'n ¶ 3. Next, the Attorney General argues that this case is unique from the other cases pending against Plavix®, as this case is "the only consumer protection 'Plavix' case brought by a state attorney general that is believed to be currently on file in federal court" and "the State [is suing] Defendants exclusively under Mississippi law for civil penalties and injunctive relief only stemming from violations of the [Mississippi Consumer Protection Act]." *Id.* ¶ 4. Finally, the Attorney General argues that the law governing the remand question is not uniform across the various circuits and thus that it is most efficient for this Court to answer the remand question.

The Court finds that the proceedings in this case should be stayed, given that a stay would promote judicial economy, and the Attorney General would not suffer prejudice from a stay only in effect until the MDL panel issues its transfer decision.

*C. Conclusion*

Therefore, Defendants' motion to stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation [43] is GRANTED, and the proceedings in the case *sub judice* are stayed pending transfer decision by the Judicial Panel on Multidistrict Litigation.

A separate order in accordance with this opinion shall issue this day.

THIS, the 2nd day of January, 2013.

_____
SENIOR JUDGE